UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DARREN STANTON,

                    Plaintiff,

    -v-

CITY OF NEW YORK et al.

                    Defendants.
------------------------------------------------------------------X

12 Civ. 4170 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the April 22, 2013, Report and Recommendation of Magistrate Judge James C. Francis IV (the "Report"). Judge Francis recommends that the Court dismiss the plaintiff's claims against Charles Carey, counsel for defendants in this case, for failure to state a claim. For the reasons that follow, the Court adopts the Report in full, and the plaintiff's claims against Mr. Carey are dismissed.

**I.  Background**

On February 11, 2013, the Court dismissed Stanton's Complaint with leave to amend. Dkt. 23. On April 4, 2013, Stanton filed an amended Complaint, which named as defendants the City of New York, Dora Schriro, Charles Carey, and Dr. Jean Richard. Dkt. 25. On April 22, 2013, Judge Francis *sua sponte* issued the Report, recommending that Stanton's claims against Mr. Carey be dismissed. Dkt. 26. The deadline for the parties to file objections to the Report was May 6, 2013. No objections have been filed.

**II.  Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

1

U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Stanton has proffered no objections to the Report, so a review for clear error is appropriate. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Even had the Court been reviewing the Report *de novo*, it would adopt it in full: Stanton's Amended Complaint includes no allegations of Mr. Carey's personal involvement, and indeed, includes no factual allegations against Mr. Carey at all.

Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," *see* Report 2, Stanton's failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report (Dkt. 26) in full. Plaintiff's claims against Charles Carey are hereby dismissed.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 9, 2013
       New York, New York